## MEL RICHMAN, INC.

v.

## AUGUST SIEKMANN MOBEL-WERKE, K. G.

### Civ. A. No. 75–1224.

United States District Court,
E. D. Pennsylvania.

March 31, 1976.

Stanley R. Krakower, Fellheimer, Krakower & Eichen, Philadelphia, Pa., for plaintiff.

Harvey Bartle, III, Warren Vogel, Dechert, Price & Rhoads, Philadelphia, Pa., for defendant.

## MEMORANDUM

JOSEPH S. LORD, III, Chief Judge.

This action for damages for alleged breach of contract was instituted by a praecipe to the Court of Common Pleas of Chester County for a writ of foreign attachment on March 14, 1975. Penna. Rules of Civil Procedure 1251–1279. Service of the writ and complaint was made on Oxford Manufacturing Company, Inc., garnishee. The complaint was filed on March 19, 1975. The action was removed to this court. 28 U.S.C. § 1441. Defendant has now moved to dismiss the complaint for lack of jurisdiction and to quash the return of service of process on the basis of *Jonnet v. Dollar Savings Bank*, 530 F.2d 1123 (3d Cir. 1976). We will grant the motion.

The only asserted basis of jurisdiction is the foreign attachment process. However, in *Jonnet, supra*, the Court of Appeals for the Third Circuit held that process unconstitutional. Hence, plaintiff's method of service here was unconstitutional and the service was a nullity, unless we are prepared to hold that the *Jonnet* decision was prospective only. We are not prepared to so hold.

As a general rule, a statute declared unconstitutional is, "in legal contemplation, as inoperative as though it had never been passed." *Norton v. Shelby County*, 118 U.S. 425, 442, 6 S.Ct. 1121, 1125, 30 L.Ed. 178, 186 (1886). It would be presumptuous for us to assume that the court was unaware of the general rule and hence was insensitive to the effect of its decision. It would be equally presumptuous for us to engraft on the holding of the Court of Appeals an exception to the general rule in the face of the court's silence in that regard. On the contrary, where the court has intended its decisions to be prospective only, it has taken care to say so explicitly. *Domeracki v. Humble Oil & Refining Co.*, 443 F.2d 1245 (3d Cir. 1971); *United States v. Fioravanti*, 412 F.2d 407, 420 (3d Cir. 1969).

For the foregoing reasons, the motion to quash the return of service and to dismiss the complaint will be granted.