## Pittsburgh National Bank v. C. I. Mortgage Group

*Beverly A. Gazza,* for plaintiff.
*P. Christian Hague,* for defendant.

HESTER, *J.,* December 3, 1976 — Presently before the court is defendant's motion to cancel bond and discharge the principal and surety on said bond in the above entitled action in foreign attachment.

Defendant alleges in the instant motion that plaintiff, Pittsburgh National Bank, instituted this action in foreign attachment by attaching certain of defendant's mortgages through the then viable Pennsylvania Foreign Attachment Procedure; thereafter on March 11, 1975, the attached property was released when defendant, C. I. Mortgage Group, as principal, and the Home Indemnity Company of Manchester, New Hampshire, as surety, posted a bond in the amount of $473,825.52; that subsequent thereto, on January 27, 1976, the United States Court of Appeals for the Third Circuit in Jonnet v. Dollar Savings Bank of the City of New York, 530 F. 2d 1123 (1976), specifically declared the Pennsylvania Foreign Attachment Procedure to be unconstitutional; and argues that since the process under which plaintiff had initiated the instant action in Foreign Attachment has been declared unconstitutional, it follows that the process and form of this action is a nullity; it is "in legal contemplation, as inoperative as though it had never been passed."[1]

The court is requested to cancel the bond in the amount of $473,825.52 heretofore filed with de-

---

1. Norton v. Shelby County, 118 U.S. 425, 442 (1866); accord: Ex parte Royall, 117 U.S. 241, 248 (1886); Richardson v. United States, 465 F. 2d 844, 850 (3d Cir. 1972), rev'd on other grounds, U.S. v. Richardson, 418 U.S. 166 (1974).

fendant as principal and the Home Indemnity Company of Manchester, New Hampshire, as surety.

It is unquestioned that Jonnet, supra, held the Pennsylvania Foreign Attachment Procedure unconstitutional.

The critical issue before this court is whether Jonnet is to be applied prospectively or retrospectively; for if it is to be applied prospectively only, it is of no moment to the instant controversy and defendant's motion must be denied;[2] while if it is to be applied retrospectively, the process and form of action employed herein by plaintiff must be considered a nullity and defendant's motion must be granted.

It is plaintiff's contention that Jonnet is not to be applied to invalidate attachments effected prior to the time the Foreign Attachment Procedure was declared unconstitutional. In addition, plaintiff posits that the defendant has waived whatever right it may have had to void the *attachment* based on the unconstitutionality of the Foreign Attachment Rules.

Plaintiff contends that the case of McShane v. McFadden, 414 F. Supp. 730 (W.D. Pa. 1976), 124 Pitts.L.J. 191 (1976), is directly on point and demands that Jonnet *not* be applied retroactively. On the other hand, defendant claims that the case of Richman v. August Siekmann Mobel-Werke, K. G., 411 F. Supp. 690 (E.D. Pa. 1976), is directly on

---

2. For the instant litigation was initiated in November, 1974, by the filing of a complaint and a praecipe for writ of foreign attachment whereas Jonnet was decided by the District Court for the Western District of Pa. on April 7, 1975 and affirmed by the Third Circuit Court of Appeals in 1976.

point and demands that Jonnet be applied retroactively.

This court is in accord with defendant's contention that Richman, supra, here controls.

Notwithstanding the fact that the retroactivity of the unconstitutionality of the Pennsylvania Foreign Attachment process as declared in Jonnet was raised in Richman via a jurisdictional and service of process attack, and not as in the instant case upon a motion to cancel bond, this court is of the opinion that the memorandum opinion authored by Chief Judge Joseph S. Lord, III, in Richman under date of March 31, 1976, is decisive, clear, and free from any doubt as to its intent, significance and applicability:

"The only asserted basis of jurisdiction is the foreign attachment process. However, in Jonnet, supra, the Court of Appeals for the Third Circuit held that process unconstitutional. Hence, plaintiff's method of service here was unconstitutional and the service was a nullity, unless we are prepared to hold that the Jonnet decision was prospective only. *We are not prepared to so hold.*

"As a general rule, a statute declared unconstitutional is, 'in legal contemplation, as inoperative as though it had never been passed.' Norton v. Shelby County, 118 U.S. 425, 442, 6 S.Ct. 1121, 1125, 30 L.Ed. 178, 186 (1886). It would be presumptuous for us to assume that the court was unaware of the general rule and hence was insensitive to the effect of its decision. It would be equally presumptuous for us to engraft on the holding of the Court of Appeals an exception to the general rule in the face of the court's silence in that regard. *On the contrary, where the court has intended its decisions to be prospective only, it*

*has taken care to say so explicitly.* Domeracki v. Humble Oil & Refining Co., 443 F. 2d 1245 (3d Cir. 1971); United States v. Fioravanti, 412 F. 2d 407, 420 (3d Cir 1969)." (Emphasis supplied.)

The lengthier opinion of Judge Snyder in McShane, supra, relied upon by plaintiff in support of its contention that Jonnet is to be applied prospectively only, is inapplicable and non-dispositive of the issue before this court. In McShane, Judge Snyder was faced with the narrow question of whether a defendant has a viable cause of action for damages as a result of an unlawful attachment.

In the companion and unreported case of McFadden v. McShane, et al., in Dist. Ct. for W.D. of Pa., at CA No. 74-1090, a three judge court was convened to test the constitutionality of the Pennsylvania Foreign Attachment Procedure (Pa. R. C. P. 1241-1279) in light of Jonnet. That court reaffirmed Jonnet and held the Pennsylvania Foreign Attachment procedure unconstitutional. Pursuant to that court en banc's opinion and order, the attachments made by the writs in McShane were set aside, suspended, and dissolved retroactively.

Further, it is the considered opinion of this court that plaintiff's second argument that defendant has waived whatever right it may have had to void the attachment upon Jonnet, is without merit.

An appropriate order shall be entered consistent with the foregoing opinion.

## ORDER

And now, December 3, 1976, defendant's motion to cancel bond and discharge the principal and

surety on said bond, having come before the court, following the oral argument thereof, a review of the record and a study of the excellent briefs of counsel, it is hereby ordered, adjudged and decreed that defendant's motion be and the same is hereby granted for the reasons set forth in the foregoing opinion, and the bond heretofore posted by defendant, C. I. Mortgage Group as principal, and the Home Indemnity Company of Manchester, New Hampshire, as surety, be and the same is hereby discharged.